GEORGE GARDNER, plaintiff in error, v. THE PEOPLE, defendants in error.

*Error to Morgan.*

The statute requires that the foreman of a grand jury shall endorse each indictment "a true bill," and sign his name as foreman, &c.; but the statute does not require the name to be copied into the record. It is only necessary that it should appear on the record that the grand jury returned the indictment in open Court, "a true bill."

The endorsement and signature of the foreman are the evidence of the finding of the jury; and without these, the Court should never permit an indictment to be entered of record as a true bill.

The statute of 1841 requires the Court to try all persons confined in jail at the time of holding a special term, and confers on the Court the power to summon a grand jury, whenever one shall be necessary for such trial.

Gardner *v.* The People.

A prisoner cannot object, after trial and verdict, to the jurisdiction of the Court to which a cause has been sent, by change of venue.

Where a motion for a change of venue is made, in a criminal case, on account of the prejudices of the inhabitants of the county where the indictment is pending, against the prisoner, it is a safe and judicious practice to require the plea to be entered before the change of venue is awarded.

The arraignment of a prisoner twice, once in the county where the indictment was found, and again in the county to which the cause was sent by change of venue, is not such an irregularity as can be assigned for error.

Where a juror, on being called, said he had formed and expressed an opinion, from report, as to the guilt or innocence of the prisoner; that he had heard none of the witnesses, nor any other person who professed to know the facts, detail them; that he had no reason to believe or disbelieve the reports, more than any other reports that float through the neighborhood; and that he had expressed an opinion in this way, "If the reports are true, my opinion is so and so" (without stating what it was): *Held,* that the juror was competent.

If a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or either of them, or from rumor, and that opinion is positive, and not hypothetical, and such as will probably prevent him from giving an impartial verdict, the challenge should be allowed.

If the opinion of a juror be merely of a light and transient character, such as is usually formed by persons in every community, upon hearing a current report, and which may be changed by the relation of the next person met with, and which does not show a conviction of the mind, and a final conclusion thereon, or if it be hypothetical, the challenge ought not to be allowed; and to ascertain the state of mind of a juror, a full examination, if deemed necessary, may be allowed.

In the trial of criminal cases, the prosecuting attorney is not confined to the list of witnesses endorsed on the indictment, and furnished to the prisoner, previous to his arraignment; but the Circuit Court, in the exercise of a sound discretion, and having a strict and impartial regard to the rights of the community and the prisoner, may permit such other witnesses to be examined as the justice of the case may seem to require.

On the separate trial of G, who was jointly indicted with T and J, for the crime of murder, the statements and threats of the latter against the deceased, made when G was not present, were admitted in evidence, the testimony warranting the conclusion that they were all acting in concert, in the prosecution of a common design, and, although temporarily separated, such separation being for the purpose of providing weapons, and making preparations, to carry their design into execution.

On a trial for murder, the conversations of the prisoner about the deceased, on the day the murder was committed, but after the prisoner had travelled three quarters of a mile from the place where the crime was perpetrated, are not admissible in evidence on the part of the accused.

In a criminal case, a motion in arrest of judgment opens the entire record for examination, and reaches any defect apparent therein.

THIS cause was heard in the Court below, at the June term, 1841, before the Hon. Stephen A. Douglass.

M. McConnel and William Brown, for the plaintiff in error.

J. Lamborn, Attorney General, for the defendants in error.

Douglass, Justice, delivered the opinion of the Court:

George Gardner, in connection with Thomas Creaw and Jonathan Creaw, were indicted by the grand jury of Scott county, at the May term, 1841, for the murder of Philip W. Nash. At the same term of the court, on the application of the prisoner, predicated on affidavit, the venue was changed to the county of Morgan, where the cause was tried at the June term of the Morgan Circuit Court, and the prisoner convicted of the crime of murder, and sentenced

to be hanged on the 23d day of July instant. The prisoner, by his counsel, filed a transcript of the record, and moves this Court for a writ of error and *supersedeas*, and assigns various causes of error, which will be considered in the order in which they arose in the progress of the cause.

*First.* The indictment is substantially defective, and not sufficient in law to authorize the Court to put the defendant upon his trial for murder.

This objection would be more appropriately considered under the motion in arrest of judgment; but as it has been made the subject of a distinct assignment of error, and is the first alleged defect in the record, it will be first considered.

The only objection taken to the indictment is, that it does not appear from the record that it was endorsed "a true bill," and signed by the foreman of the grand jury. If it be true that there was no such endorsement, verified by the signature of the foreman, the objection is fatal; there being no evidence that the indictment was ever found "a true bill" by the grand jury. Nomaque *v.* The People. (1)

The record in this case, after reciting that the grand jury was empannelled and sworn, and entered upon the discharge of their duties, proceeds as follows:

"And at the May term of the Scott County Circuit Court aforesaid, on the 11th day of May, the grand jurors aforesaid, came into Court, and reported the following bill of indictment:

| The People<br>*v.*<br>George Gardner,<br>Thomas Creaws, &<br>Jonathan Creaws. | Indictment for Murder,<br><br>A True Bill." |
|---|---|

This is the usual mode of entering the finding of the grand jury upon the record. The statute (2) requires that the foreman shall endorse an indictment "a true bill," and sign his name as foreman at the foot of said endorsement, and also note thereon the name or names of the witness or witnesses, upon whose evidence the same shall have been found; but it seldom, if ever, happens that the names of the foreman and witnesses are copied into the record, nor does the statute require it; all that is necessary to appear on the record, is, that the grand jury returned the indictment, in open court, "a true bill." The endorsement and signature of the foreman are the evidence of such finding, without which the Circuit Court should never permit the indictment to be entered of record as a true bill.

The indictment, in this case, having been received by the Circuit Court of Scott county, and entered of record as a true bill,

(1) Breese 110.                    (2) R. L. 379; Gale's Stat. 396.

and neither the prisoner nor his counsel making any objection at that or any other time during the progress of the trial, we feel constrained, in the absence of all evidence to the contrary, to give full faith and credit to the record.

We deem it unnecessary, therefore, to allow the cross motion of the attorney general, for a *certiorari* upon the clerk of the Court below to send up a perfect record, showing that the name of the foreman of the grand jury was, in fact, signed to the endorsement on the indictment.

We now come to the consideration of the next assignment of error, which questions the authority of the Morgan Circuit Court to hear and determine said cause, at its June term.

The following is the section of the statute relied upon by the prisoner, to show the want of power, and also by the attorney general, to sustain the power of the Court to try and determine said cause, at said term: (1)

"No grand jury shall be selected to attend the Circuit Courts required to be held in the counties of Morgan and Greene, in the months of June and August, nor shall any criminal cause be docketed for trial at said terms ; but all criminal causes pending in said Courts shall stand for trial at the succeeding terms thereof: *Provided*, That if any person shall be confined in the jail of either of said counties, at the time of holding said Courts, for any indictable offence, the Court shall try such persons in the same manner as at any other term of the Court ; and the Court shall have power to cause a grand jury to be empannelled at said terms, to enquire into the cases of all persons confined in jail as aforesaid, and, upon indictment found, to proceed thereon as at any other term of said Court."

It is insisted, that inasmuch as the latter clause of this section provides that the Court shall have power to summon a grand jury to enquire into the cases of all persons confined in jail, therefore the Court cannot try any person who has been previously indicted, but is confined to such as shall be indicted by a grand jury, specially summoned under the direction of the Court, during such term.

The peculiar phraseology of the two clauses of this section, when taken in connection with each other, brings our minds to different conclusions.

The first is imperative that the Court shall try all persons confined in jail ; the second merely confers the power to empannel a grand jury, but does not make it obligatory upon the Court to do so. We think, therefore, that a fair construction of this statute requires the Court to try all persons confined in jail, at the time of holding such terms, and confers on the Court the power to summon a grand jury, whenever one shall be necessary for the purpose of such

(1) Laws of 1841, 106, § 13.

trial. This construction is favored and strengthened by those clauses of the Constitution which secure to every person charged with crime, a speedy trial.

It does not appear, in this case, that any objection was made by the prisoner to the right of the Court to try him at the June term, nor that he made any application for a continuance.

It is also urged, that the Morgan Circuit Court had no right to try the prisoner, because the record of the proceedings in Scott county was not properly certified by the clerk, as required by the statute. The record certified into this Court by the clerk of the Morgan Circuit Court, after giving the title of the cause, contains the following :

" Be it remembered, that on the third day of June, one thousand eight hundred and forty-one, the clerk of the Circuit Court of Scott county, filed in the office of the clerk of the Circuit Court of Morgan county, a copy of the record in the above cause, together with the original papers on file in his office, which record is as follows, to wit," &c.

The record and original papers are then set out in full. No objection was made in the Court below, before or after verdict, to the regularity of the proceedings in Scott county, or to the authentication of the same, when changed to Morgan county. If the authentication of the record was defective, the prisoner should have availed himself of it in the Circuit Court, before trial.

Not having done so, the irregularity, if, in fact, any existed, is cured by the third section of an act approved February 28, 1839, in the following words : " All questions concerning the regularity of proceedings in obtaining changes of venue, and the right of the court to which the change is made to try the cause and execute the judgment, shall be considered as waived after trial and verdict." (1)

If any doubt existed as to the right of the Circuit Court of Morgan county to try the cause on the record as presented, such doubt is entirely removed by the statute.

The third assignment of error is, that the Court erred in arraigning the prisoner, either in the county of Scott, after the motion for change of venue was made, or in the county of Morgan, after the change of venue was awarded. It is alleged that one or the other of the arraignments was erroneous ; but in which the error consisted, is not stated. We will examine both ; first, the arraignment in Scott county. It appears that when the prisoner was brought into Court to answer the indictment, he filed his petition for a change of venue, on account of the inhabitants being prejudiced against him ; but the State's Attorney objecting that no notice of the application had been given, the motion was postponed, whereupon the prisoner was duly arraigned, but standing mute,

(1) Laws of 1839-40, 198.

and refusing to plead, the Court directed the plea of not guilty to be entered for him.

It is insisted that this arraignment is erroneous, because the prisoner, having made his motion for a change of venue, was entitled to have the venue changed, before any further proceedings were had in the cause. We know of no authority to sustain this position; nor can we perceive any good reason that can be urged in its support. The fact that the inhabitants were prejudiced against him constituted no sufficient reason for a change of venue, until the prisoner had entered his plea, and thereby notified the Court that he was to be tried by a jury of the inhabitants. He might, at any time before plea entered, move to quash the indictment. This motion, being left to the decision of the Court, could not be affected by the prejudices that might exist in the minds of the inhabitants. We can see no injury, therefore, which could result to the prisoner by the arraignment in Scott county, and, as a general rule in such cases, we consider it a safe and judicious practice to require the plea to be entered before the change of venue is awarded. It appears, however, that the prisoner was again arraigned in the Morgan Circuit Court, and there entered his plea of not guilty. This second arraignment is also alleged to be erroneous, although it is not shown that the prisoner did, or by possibility could, sustain any injury from it. We presume it was done out of an abundance of caution, to avoid the possibility of error, and although we regard it as an unnecessary precaution, not required by any provision of law, or rule of practice, yet it is certainly not such an irregularity as would authorize a reversal of the judgment.

The next error assigned, is, that the Court erred in overruling the prisoner's challenge for cause to Fanning, Turner, and Sweet, and deciding that they were competent jurors.

From the bill of exceptions, it appears that each of these jurors had formed and expressed opinions, from report, as to the guilt or innocence of the prisoner; that they had heard none of the witnesses, nor any other person who professed to know the facts, detail them; that they had no reason to believe or disbelieve the reports more than any other reports that float through the neighborhood; and that they had expressed their opinion in this way, " If the reports are true, my opinion is so and so," (without stating what it was.)

In the case of Smith *v.* Eames, (1) decided at the present term, this Court, after carefully examining the authorities, has laid down the following rule by which to test the competency of jurors. If a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or either of them, or from rumor, and that opinion is positive, and not hypothetical,

(1) *Ante* 80.

Gardner *v.* The People.

and such as will probably prevent him from giving an impartial verdict, the challenge should be allowed.

If the opinion be merely of a light and transient character, such as is usually formed by persons in every community, upon hearing a current report, and which may be changed by the relation of the next person met with, and which does not show a conviction of the mind, and a fixed conclusion thereon, or if it be hypothetical, the challenge ought not to be allowed; and to ascertain the state of mind of a juror, a full examination, if deemed necessary, may be allowed.

Testing these jurors by this rule, they were clearly competent, and the Court decided correctly in overruling the challenge for cause.

The fifth assignment of error questions the correctness of the decision of the Court, admitting the testimony of Woods and Mc-Culy. These witnesses names were not endorsed on the indictment, nor the list furnished the prisoner prior to the arraignment in Scott county; but were furnished before the arraignment and trial in Morgan county.

The one hundred and seventieth section of the Criminal Code (1) provides that any " person charged with treason, murder, or other felonious crime, shall be furnished, prior to his arraignment, with a copy of the indictment, and a list of the jurors and witnesses." The third section of the act concerning jurors, requires the foreman of the grand jury to endorse on the indictment the names of the witnesses upon whose evidence the same was found.

Taking these two statutes together, it is evident that the list of witnesses, which is required to be furnished to the prisoner, prior to the arraignment, is to be composed of the witnesses endorsed on the indictment by the foreman of the grand jury. In this case, two additional witnesses were examined on the part of the prosecution; notice of the intention to introduce them, having been given previous to the commencement of the trial. The question is now presented, whether the prosecuting attorney is to be confined to the list of witnesses endorsed on the back of the indictment, and furnished to the prisoner prior to the arraignment. The statute merely requires the list to be furnished, but does not restrict the State's Attorney to that list.

If such a construction were placed upon this statute, as would exclude all witnesses whose names were not endorsed on the indictment, many offenders would go unpunished, not on account of their own innocence, nor of the negligence of the State's Attorney, but by a defect in the law itself, or a narrow and illiberal construction of it, not sanctioned by reason or justice. We think, therefore, that the prosecution is not confined to the list of witnesses endorsed on the indictment, and furnished previous to the arraignment; but

(1) 1 R. L. 212; Gale's Stat. 231.

that the Circuit Court, in the exercise of a sound discretion, and having a strict and impartial regard to the rights of the community and the prisoner, may permit such other witnesses to be examined as the justice of the case may seem to require.

The sixth assignment of error is, that the Court erred in admitting the testimony of Burrows to prove the statements and threats of Thomas and Jonathan Creaws against the deceased, made when the prisoner was not present.

The testimony, as set out in the bill of exceptions, fully warrants the conclusion, that Gardner and the two Creaws were acting in concert in the prosecution of a common design, and, although temporarily separated, such separation was for the purpose of providing weapons and making preparations to carry their design into effect; such being the relation and object of the parties, the acts and threats of all were properly given in evidence to be considered by the jury on the trial of each.

The seventh assignment of error questions the correctness of the decision of the Court in rejecting so much of the testimony of Charles Kunn, as related to the conversations of the prisoner about the deceased, on the same day the killing took place. It does not appear, from the bill of exceptions, what length of time had elapsed between the killing and the time at which this conversation took place. It is stated to have been on the same day, after the killing, and at a distance of about three-quarters of a mile ; but how long after the death, is not shown. The length of time which must have elapsed in travelling the three-quarters of a mile, was sufficient to enable the prisoner to become cool and deliberate, and even to invent an ingenious account of the hurried transaction, for the purpose of having it given in evidence, in justification or extenuation of his crime. Neither the policy nor the justice of the law will permit an offender thus to manufacture evidence in his own behalf. We think, therefore, from the testimony before us, the Court below properly excluded the testimony of Charles Kunn, as shown in the bill of exceptions.

The last assignment is, that the Court erred in overruling the motion in arrest of judgment. This motion opened the entire record, and would reach any defect apparent upon its face. All the objections, however, which could have properly been urged under this motion, have been separately considered under distinct assignments of error, and overruled.

Upon a careful examination of the whole record, and especially of the errors assigned, we are unanimously of the opinion, that there is no error appearing in the trial and proceedings of the Court below.

The motion for a writ of error and *supersedeas*, is, therefore, overruled.

*Motion overruled.*