FRANK H. PEAVY AND JAMES F. PEAVY, PLAINTIFFS
IN ERROR, v. FRED HOVEY, CHARLES HOVEY, AND
WALTER J. TRAPHAGEN, DEFENDANTS IN ERROR.

1.  Continuance : APPLICATION for, examined and found to be insufficient.

2.  Payment by Checks: EVIDENCE. The possession of a canceled bank check by the drawer, who testifies that on the day of its date he made and delivered it to the drawee in payment of a debt, is sufficient proof *prima facie* of the payment of the amount named in the check.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J. The action was brought to recover on account for goods sold and delivered. Defendants plead payment and obtained verdict in their favor.

*Charles E. Magoon,* for plaintiff in error.

*A. W. Field,* for defendants in error.

REESE, J.

There are two questions presented by the record in this case which we will examine in their order.

The plaintiffs in error allege that the district court erred in overruling their motion for a continuance. The record shows that the plaintiffs' petition was filed October 15, 1881, and the defendants filed their answer on the 19th day of November, 1881. The reply of plaintiff was filed on the 14th day of February, 1882. On the 28th day of October, 1882, the cause was reached for trial in the district court, when the plaintiffs filed their motion for a continuance alleging as ground therefor the absence of one John S. Gretzer, who was a material witness for the plaintiffs. Assuming that the witness was material, it becomes

necessary for us to enquire whether the diligence shown by the affidavit on the part of the plaintiffs in their efforts to procure his testimony was such as to require the reversal of the decision of the district court.

The affidavit alleges in substance that the witness has not, to the knowledge of the affiant, been in Lancaster county since the preceding term of court, that at previous terms he has been present and willing to testify ; that until recently he has been the agent and traveling salesman of plaintiffs, and subject to their orders, and has always expressed a willingness to attend court and give his testimony. That relying upon his presence when needed, no subpoena was issued for him. That when the clerk issued the court docket, the affiant wrote the witness informing him of the time the cause was set for trial, and requesting his attendance, and receiving no response to this letter, he wrote the plaintiffs at Sioux City, Iowa, and on the 18th of October, 1882, ten days before the trial, the plaintiffs, by a card, notified their attorneys they had written Mr. Gretzer to advise the attorneys what he would do. From that time the attorneys seem to have used due diligence in their efforts to find the witness. But the record discloses no assistance on the part of the plaintiffs, except the card and letter above referred to. Prior to the issuance of the court docket no effort was made to take the deposition of the witness, although it was known for a year what the issue presented by the defense would be, and yet it sufficiently appears from the affidavit that the deposition could have been taken. There must be a reasonable discretion exercised by the district courts in matters of this character, and we cannot say from the record before us that the district court has abused this discretion.

The next point is, that the district court erred in refusing an instruction asked by the plaintiffs, which was in effect that the jury must find " in favor of the plaintiffs for $25.22, with interest, etc." This instruction was asked

29

upon the theory that there was no proof that that amount had been paid, it being shown that on the final settlement, testified to by the defendants, there was that sum due the plaintiffs. But upon examining the testimony of Traphagen—one of the defendants, and who testifies to the settlement—we find that he testified to giving Mr. Gretzer the check, which was introduced by defendants, for the $25.22. This check being in the possession of the defendants, duly canceled, was sufficient, *prima facie* proof of its payment. We think the instruction was correctly refused. We find no error in the record. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.