AL. A. PREHM, PLAINTIFF IN ERROR, v. THE STATE OF OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law: FALSE PRETENSES: EVIDENCE. An information was filed against plaintiff in error for obtaining personal property of another by false pretences, which pretences were alleged to be the representation that "five certain worthless drafts were each worth the sum of $100," etc. Upon the trial the instrument was introduced in evidence and admitted, over the objection of plaintiff in error. This instrument was not a draft, its character being shown by the copy set out in the opinion. It was held to have been improperly admitted, and that there was a variance between the allegation of the information and the proof.

ERROR to the district court for Red Willow county. Tried below before GASLIN, J.

43

*Agee & Wiley* and *Colfer & Cordeal,* for plaintiff in error, cited: *Lancaster v. State,* 9 Tex. App., 393. *People v. Gates,* 13 Wendell, 311. *Hite v. State,* 9 Yerg., 357. *Grummond v. State,* 10 Ohio, 510.   *U. S. v. Keen,* 1 McLean, 429.   Wharton Cr. Pl. and Pr. (8 Ed.), 184.

*William Leese, Attorney General,* for the state, cited: Sec. 412, Crim. Code.   *Guthrie v. State,* 16 Neb., 671. *State v. Barker,* 64 Mo., 282.   *State v. Myers,* 82 Id., 558.

REESE, J.

An information was filed in the district court of Red Willow county charging plaintiff in error with the crime of obtaining personal property of the value of $250, of one Jas. Wilson, by false pretenses. Upon this information a trial was had, resulting in a verdict of guilty, and sentence thereon to the penitentiary. From this judgment and sentence he prosecutes error to this court. A number of questions are presented for decision, but in our view a decision of one must dispose of the case, and as the others will not probably arise upon a future prosecution, they will not be discussed.

The charging part of the information, in so far as it relates to the question to be examined, is, that plaintiff in error "did unlawfully and feloniously pretend to one James Wilson that five certain worthless drafts were each worth the sum of $100, by which false pretenses the said Al. A. Prehm, then and there unlawfully did obtain in exchange for said five worthless drafts, from the said Wilson, one bay gelding, of the value of $100, and did obtain one black mare, of the value of $150, the aggregate value being of the sum of $250, being the personal property of said James Wilson, with intent, then and there, and thereby, and by means of the false pretenses, aforesaid,

to cheat and defraud the said James Wilson. Whereas in truth and in fact the said five certain drafts so exchanged as aforesaid, were wholly worthless," etc.

Upon the trial the drafts referred to were offered in evidence and received over the objection of plaintiff in error. These alleged drafts were duplicates in appearance, with the exception of the number, printed in red ink in the lower left-hand corner. One of the alleged drafts, being number 1705, is attached to the bill of exceptions.

It is printed on green tinted paper, in the center of of which is rather indistinctly printed, in red ink, in diamond form, an impression corresponding in general appearance to the internal revenue stamp, formerly printed upon drafts, checks, etc., and on which is printed, in the same indistinct manner, the words "Trade Mark." Around the outer edge of the instrument is printed a border, somewhat resembling the border surrounding United States notes.

In the upper left-hand corner is printed the figures "$100." Under this is a *vignette* figure, of the kind usually seen upon bills of exchange and other instruments of like character, and across which is written the word "Registered." In the upper right-hand corner is also a *vignette* figure representing, perhaps, the face of the author or maker of the instrument. Printed in the border at the top, appear the words "Issue of March 8th, 1877." The following is a copy of the instrument:

"Office of E. Durand, Estey Organ Depot, St. Joseph, Missouri.

"This draft will be received by me at the Estey Organ Depot in Saint Joseph, Missouri, for

One Hundred Dollars,

in payment for any style of Estey organs the holder of this may select at catalogue prices. The balance of the organ to be paid in cash or approved paper bearing ten per cent interest.

"E. DURAND."

On the back of this instrument is printed the following:

"When the holder of this draft wishes to use the same to purchase an Estey organ, a catalogue of all the latest styles will be forwarded by addressing the Estey Organ Depot, in St. Joseph, Missouri, and a selection can be made from the catalogue equally as well as if they were at the warerooms in person, and the exchange can be made by the aid of the express companies."

This instrument, although not a draft, is neatly printed and well calculated to deceive the unsuspecting, and offers an opportunity for the strong to prey upon the weak, unscrupulous and cunning dishonesty to take advantage of ignorance and credulity. Notwithstanding these facts, the question presented is a simple question of law, and that is, whether or not the instrument is in fact a draft, and whether there is a variance between the allegations of the information and the proof.

"A draft" as defined by Bouvier, "is an order for the payment of money, drawn by one person on another."

It is well settled that the descriptive averments in an indictment must be proved as alleged in order to warrant a conviction. In support of this, no authorities need be cited.

In *Lancaster v. State*, 9 Texas Court of App., 393, the defendant was indicted, tried, and convicted upon an indictment charging that on a certain day he committed the crime of larceny, by stealing from the owner thereof $142, current money of the United States. Upon the trial, it was proved that the property obtained consisted of checks, of various denominations, instead of money. It was held that there was a variance in the proof, and the indictment was not sustained.

In *Grummond v. State*, 10 Ohio, 510, the defendant was indicted for stealing bank bills; the proof showed that the property stolen consisted of orders of the Ohio Railroad Company, and the variance was held to be fatal.

In *State v. Handy*, 20 Maine, 81, the defendant was indicted for forgery. The instrument forged was alleged to be an acquittance or discharge for the sum of $48. It was, on its face, an order for the sum of $48, and on its back was an order for the further sum of $1. It was held that there was a variance between the allegations and proof.

The instrument introduced in evidence, in this case, does not contain a single quality of a draft, excepting the words, "This draft will be received," etc.

The fact that upon its face it is called a draft does not make it one. There is no general description of the instrument in the information by which the purport or tenor of the instrument might be known. The pleader must be held as intending to allege that the instrument made use of for the purpose of accomplishing the fraud was what is ordinarily known in commerce as a draft.

The judgment of the district court is reversed and the cause remanded for further proceedings.

THE other judges concur.

REVERSED AND REMANDED.