# T. JULIUS SCHAUMLOEFFEL *vs.* THE STATE OF MARYLAND.

*Criminal Law—Limitations—False Pretenses— Witness Not on List Fur-*
*nished by State's Attorney—Obtaining Check on Bank by False Pre-*
*tenses is Obtaining Money.*

The offense of obtaining money by false pretenses is a misdemeanor to be
punished at the discretion of the Court by fine or imprisonment, or by
confinement in the penitentiary: Code, Art. 57, sec. 11, provides that
no prosecution for any penalty or misdemeanor, except those punished
by confinement in the penitentiary, shall be commenced unless within
one year from the time the offense was committed. *Held*, that since
the offense of obtaining money by false pretenses may be punished by
confinement in the penitentiary it is not within the Statute of Limita-
tions.

On a trial for false pretenses the State may call other witnesses than
those whose names have been given to the defendant, uuder Code,
Art. 27, sec. 440, which provides that a party indicted for false pre-
tenses shall be entitled to apply to the State's Attorney before trial for
the names of the witnesses and a statement of the false pretenses to be
given in evidence.

An indictment for obtaining $1,800 current money is supported by evi
dence that a check for that sum was given to the defendant and that he
obtained the money by means thereof.

Appeal from the Criminal Court of Baltimore (WICKES, J.)

The cause was argued before McSHERRY, C. J., BRISCOE,
BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Thos. C. Weeks* (with whom was *Harry B. Wolf* on the
brief), for the appellant.

*William S. Bryan, Jr., Attorney-General,* and *George A.
Solter, Assistant State's Attorney* (with whom was *A. S. J.
Owens,* State's Attorney for Baltimore City, on the brief), for
the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant was indicted and convicted in the Criminal
Court of Baltimore of obtaining money by false pretenses, and
was sentenced to the Maryland Penitentiary for the period of
five years. From this judgment he has appealed.

The indictment was filed on the 20th of June, 1904, and
contains three counts. A motion to quash the first and a de-
murrer to the second count, were sustained, at the trial of the
case.

There is no objection raised to the rulings of the Court upon
these pleadings and they will not be considered by us.

The third count of the indictment and the one upon which
the appellant was tried, is as follows: "that T. Julius Schaum-
loeffel, late of the city of Baltimore, on the 30th day of July,
1901, by a certain false pretense by him then and there made
to Otto Bregenzer with intent then and there to defraud, he,
the said T. Julius Schaumloeffel, then and there well knowing
the said pretense to be then and there false (which said false
pretense was not then and there a mere promise for future
payment, and was not then and there a mere promise for future
payment not intended to be performed), unlawfully, know-
ingly and designedly did then and there obtain from Otto Bre-

genzer eighteen hundred dollars current money of the value of eighteen hundred current money, of the goods and chattels, moneys and property of Otto Bregenzer."

To this count the appellant interposed the plea of limitations, that the alleged misdemeanor was not committed within one year next preceding the commencement of the prosecution.

The State demurred to the plea and the demurrer was sustained.

There were eight exceptions taken during the trial to the rulings of the Court upon the admissibility of evidence.

There was no error, we think, in the ruling of the Court in sustaining the demurrer of the State to the plea of limitations.

The offense of obtaining money by false pretense with intent to defraud is a misdemeanor to be punished at the discretion of the Court by fine and imprisonment or by confinement in the penitentiary for not less than two years, nor more than ten years as the Court shall award.

By Art. 57, sec. 11 of the Code, it is provided that no prosecution or suit shall be commenced for any fine, penalty or forfeiture or any misdemeanor, except those punished by confinement in the penitentiary, unless within one year from the time of the offense committed.

Misdemeanors punished by confinement in the penitentiary are excluded from the provisions of this section of the statute, and are placed along with felonies. They are not barred by limitations, if not prosecuted within one year from the time of the offense committed. The authorities hold that it is the liability to punishment and not the punishment actually inflicted which controls the jurisdiction of the Court. *In re Mills*, 135 U. S. 263; *People* v. *Murphy*, 185 Ill. 623.

The questions raised on the exceptions may be considered together and can be disposed of without discussing them *seriatim.*

The fifth and sixth exceptions present the identical question and that is, whether the State on a trial for false pretenses under the statute, can call other witnesses than those furnished in the list by the State's Attorney to the defendant.

The statute, sec. 440, Art. 27 of the Code, provides that in any indictment for false pretenses it shall not be necessary to state the particular false pretenses intended to be relied on in proof of same but the defendant on application to the State's Attorney before the trial shall be entitled to the names of the witnesses and a statement of the false pretenses to be given in evidence.    And in *State* v. *Jules*, 85 Md. 305, this Court said: The office of a bill of particulars like this is first to inform the defendant of the names of the witnesses the State expects to call; and secondly, to furnish him with a statement of the false pretenses intended to be relied on and given in evidence.    It is no part of the pleading, cannot be demurred to, but must be excepted to if insufficient.

There can be no good reason for holding the rule here sought to be enforced to be mandatory and not directory.  The statute requires the list to be furnished but does not restrict the State's Attorney to the list, nor does it control or affect the competency of the witness.

In *State* v. *Gardner*, 4 Ill. 83, where a similar rule was under discussion, it was said: If such a construction were placed upon this statute as would exclude all persons whose names were not endorsed on the indictment many offenders would go unpunished, not on account of their own innocence, nor of the negligence of the State's Attorney, but by a defect in the law itself, or a narrow and illiberal construction of it not sanctioned by reason or justice.  We think, therefore, that the prosecution is not confined to the list of witnesses endorsed on the indictment, but furnished previous to the arraignment, but the Circuit Court, in the exercise of a sound discretion, and having a strict and impartial regard to the rights of the community and prisoner, may permit such other witnesses to be examined as the justice of the case may require.

There was no error in the rulings of the Court in admitting the evidence set out in the second, third and fourth exceptions.    It was evidence tending to establish the theory of the State's case, and was admissible, as part of the *res gestae*.

The first, seventh and eighth exceptions contain the rulings

of the Court, in admitting in evidence the $1,800 check given by Bregenzer to the appellant. The ground of· the objection is, that as the indictment charged the obtaining "of eighteen hundred dollars current money" the check did not tend to prove the averment of the indictment.

The statute, sec. 112, Art. 27 of the Code, under which the appellant was indicted provides that if any person who shall by any false pretense obtain from any other person any *chattel, money or valuable security*, with intent to defraud any person of the same shall be guilty of a misdemeanor.

The indictment, it will be seen, charges that the appellant obtained "eighteen hundred dollars, current money." The bill of particulars alleges, the false pretense to be, "that on or about the 20th day of May, 1901, the appellant knowingly and falsely represented to Bregenzer, that one Harris Flinder, was the owner of certain property and that he desired to borrow the sum of $1,800 and give as security therefor a mortgage on said property; that the appellant knew that Flinder was not the owner of the property and that by virtue of the false representation, Bregenzer was induced and did pay to the appellant the sum of $1,800."

The question then is, whether a charge of obtaining by false pretense "eighteen hundred dollars current money" can be sustained and supported by proof, of obtaining the money by the check for a like sum.

It is well established that certainty to a reasonable extent is an essential requirement of criminal pleading where conviction is to be followed by penal consequences. One of its objects is notice to the party of the nature of the charge, so as to enable him to defend against a second prosecution of the same crime by pleading a former acquittal or conviction.

We do not see, under our statute, sec. 112, Art. 27 of the Code, how the admission of the check in evidence could be held a variance.

The proof in the record shows that the check was given by Bregenzer to the appellant for eighteen hundred dollars, was deposited in bank to the credit of his account, and the pro-

ceeds subsequently paid or checked out by him. The check was therefore, the means by which the money was procured, and was within the meaning of the Act, obtaining money under false pretenses.

We, therefore, find no error in the ruling of the Court, in admitting the evidence contained in the first and seventh exceptions, nor in its refusal to strike out the testimony as to the Bregenzer check. in the eighth bill of exceptions.

For the reasons given the judgment will be affirmed.

*Judgment affirmed, with costs.*

(Decided January 10th, 1906.)