STATE OF NEBRASKA, APPELLEE, V. JAY R. JARRETT ET AL., APPELLANTS.

129 N. W. 2d 259

Filed June 26, 1964. No. 35703.

O'Neal & Krause, for appellants.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

Defendants appeal from a conviction, based upon prosecution under section 28-1207, R. R. S. 1943, charg-

ing them with obtaining money by false pretenses. The information filed on behalf of the State against the defendants alleged in count I thereof that the defendants, "* * * did unlawfully by false pretenses obtain from Mildred E. Birky money in excess of $35.00 with the intent to cheat and defraud the said Mildred E. Birky * * *." Count II of the same information alleged that the defendants, "* * * did unlawfully by false pretenses obtain from Graham A. Barringer money in excess of $35.00 with the intent to cheat and defraud the said Graham A. Barringer * * *." The statute under which the defendants are charged provides in pertinent part as follows: "Whoever (1) by false pretense or pretenses * * * shall obtain from any other person, * * * any money, * * * with intent to cheat or defraud such person, * * *" shall be punished as provided by law.

The defendants' contentions in this case are that there was a variance between the facts alleged in the information and the proof at the trial, that because of the variance between the information and the proof the defendants were not properly informed against under Article I, section 11, of the Constitution of Nebraska, requiring that the accused shall have the right to be informed against as to the nature or cause of the accusation against him, and that because of the variance between the information and the proof the evidence is insufficient to sustain the conviction.

The evidence in this case, insofar as is necessary for the purposes of this opinion, shows that the defendants made certain representations to the parties listed in counts I and II of the information with respect to the existence of termites in the Birky and Barringer homes. No dispute arises in this case as to the sufficiency of the evidence as to the falsity of these representations. With reference to count I, Mrs. Birky, named in the information, testified that on March 15, 1963, the defendants came to her home and offered to inspect for termites free of charge. Both defendants were present in her

home, and one of them took Mrs. Birky to the basement and showed her some "white maggots and chewed up old bits of wood." They did some work on the place after making certain other representations and statements. Mrs. Birky signed a contract in which "Frank Reed" was the other name on it. She read the contract and wrote a check to "Frank Reed" in the sum of $466.23. The check was drawn on a Seward, Nebraska, bank. This check was delivered to the defendants and was cashed on the same date at the Citizens State Bank in Lincoln. With reference to count II, the evidence shows that the defendants, with another man, came to the home of Graham Barringer on March 15, 1963, and made certain representations as to the existence of termites in the basement of the Barringer house. As a result of this conversation and the representations therein made, Graham Barringer wrote a check in the amount of $250 payable to the defendant, Jay Jarrett. The check was delivered to the defendants at the Barringer home. On the same date, March 15, 1963, the check was endorsed by Jay Jarrett, presented to the Citizens State Bank in Lincoln, Nebraska, for payment, a "paid" stamp was marked on the check by the bank, and $250 was paid out to the defendant, Jay Jarrett. This same amount was charged against the bank account of Mr. Barringer.

These checks were produced in evidence, were identified by the drawers, and the evidence, as recited above, shows that they were cashed by the banks against which they were drawn. We examine first the contention as to the sufficiency of the information. Where the statute, as here, states the elements of the crime, it is sufficient, under Article I, section 11, of the Constitution of Nebraska, if the information describes such crime in the language of the statute. State v. Crowley, 174 Neb. 291, at p. 293, 117 N. W. 2d 488; Philbrick v. State, 105 Neb. 120, 179 N. W. 398; Goff v. State, 89 Neb. 287, 131 N. W. 213. It is clear that the information is

sufficient under our holdings and properly charges the defendants of the crime of obtaining money under false pretenses. It is difficult to follow defendants' argument on this aspect of the case. They do not contend that the information, as such, does not properly allege the commission of an offense. But, they seem to contend that since the proof is that checks were given to the defendants, which checks were later cashed, that therefore the information is faulty because the proof is faulty. Whatever the form of this argument may be, the entire weight of the decisions in this country support the proposition of the adequacy of the charge of obtaining "money" by false pretenses where the proof is that the accused obtained a check from the victim and that the accused thereafter abtained "money" by the negotiation of such instrument. 22 Am. Jur., False Pretenses, § 99, p. 50, pocket part supplement; Annotation, 141 A. L. R. 210 and 220; Hameyer v.. State, 148 Neb. 798, 29 N. W. 2d 458. It follows with certainty, since they received "money" from the checks, that the proof here does not vary from the allegation of the information. Therefore, the defendants could not have been misinformed as to the allegation of what was obtained. The charge here is not that the defendants obtained a check but that they obtained "money" and the proof that they were given a check which they cashed is sufficient to show that they obtained "money." Defendants cite Davis v. State, 118 Neb. 828, 226 N. W. 449; Pettijohn v. State, 148 Neb. 336, 27 N. W. 2d 380; Prehm v. State, 22 Neb. 673, 36 N. W. 295. We have reviewed these cases and none of them are in point with the case at bar.

We shall treat as one defendants' arguments as to the sufficiency of the evidence and the alleged variance of the proof. Based upon the same theory, defendants contend that since the proof was that they obtained checks by false pretenses and not "money" there was a variance between the charge of obtaining money and the

proof, and that therefore the proof failed and the information was not sustained. As controlling on all of the issues presented by the defendants is the case of Hameyer v. State, *supra*. This was a case involving a charge of obtaining money by false pretenses where the proof was that the defendant obtained a check and certain certificates of deposit in local banks by his false pretenses. There was in that case, as here, proof of the payment by the banks to the defendant, upon his endorsement of the checks. The assignments of error were numerous and substantially the same as they are in the case presented. The court stated that the contentions of the defendant were that the information failed to state a cause of action, that the court refused to allow the defendant to withdraw his plea of guilty and file a motion to quash the information, and that the court erred in submitting the case to the jury because of the insufficiency of the evidence, the theory being that the evidence was insufficient to sustain a conviction. The court said: "As to count IV William Woebbecke gave to defendant a bank check in the amount of $1,200 on a bank in Seward County, Nebraska. The check was endorsed by defendant and William Woebbecke testified that it was paid by the bank and charged against his account. * * * In the early case of Peavy v. Hovey, 16 Neb. 416, 20 N. W. 272, it was said: 'The possession of a canceled bank check by the drawer, who testifies that on the day of its date he made and delivered it to the drawee in payment of a debt, is sufficient proof prima facie of the payment of the amount named in the check.' * * * There having been no evidence to counteract the prima facie showing made by the State this rule disposes of the contention in this respect with regard to count IV of the information. * * * In State v. Detloff, 201 Iowa 159, 205 N. W. 534; People v. Hoffmann, 142 Mich. 531, 105 N. W. 838; State v. Brantingham, 66 Mont. 1, 212 P. 499; Schaumloeffel v. State, 102 Md. 470, 62 A. 803; State v. Joseph, 115 Ohio

St. 127, 152 N. E. 186, the rule is announced that, in the case of a charge of obtaining money by false pretenses proof that the defendant received a check or draft which was paid, *there is no variance in the charge and the proof*. The rule as announced in these cases was referred to with approval in Pettijohn v. State, ante p. 336, 27 N. W. 2d 380. No reason suggests itself why the same rule should not apply to certificates of deposit. * * * It follows therefore that the evidence was sufficient upon which to base a *finding that William Woebbecke was defrauded as charged in the information."* (Emphasis supplied.)

It is noted that the court in the Hameyer case, *supra,* passed on the precise contentions of the defendants here. It found that the evidence was sufficient upon which to base a finding that *Woebbecke was defrauded as charged in the information, and it found that there was no variance in the charge and in the proof.*

The defendants attempt to distinguish the Hameyer case on the grounds that no constitutional issue as to the sufficiency of the information was raised by formal assignment of error in that case. We are unable to follow this distinction. The Hameyer case, *supra,* holds that proof of receipt of checks and of their conversion to "money" by a defendant is proof of the obtaining of "money" under this identical statute. If this be true and the information sets out the crime in the precise words of the statute, how can it be argued that in a constitutional or any other sense, under the same charge and proof, the defendants were not informed of the nature and sufficiently apprised of the accusation against them? The defendants state in their brief that the Hameyer case, *supra,* did not decide the issue of whether there was a variance between the charge and the proof. It is only necessary to refer to the language of the Hameyer case quoted above to render a conclusive answer to this contention. If the defendants' contentions were correct in this case the statute would

only be applicable to situations where cash money was delivered to a defendant in response to false representations. The arguments advanced by the defendants in this case have been decided in this state and in other jurisdictions resolutely against them. They are without merit.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.