Lawhead v. State.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *W. W. Slabaugh,* for the state.

ORMA LAWHEAD v. STATE OF NEBRASKA.

FILED JANUARY 9, 1896.    No. 7858.

| 46 | 607 |
|----|-----|
| 51 | 350 |
| 53 | 298 |

| 46 | 607 |
|----|-----|
| 56 | 693 |

1. **Indictment and Information:** DUPLICITY: BURGLARY. Different criminal acts constituting parts of the same transaction, such as burglary with intent to steal particular property, and the stealing of such property, may be charged in the same indictment or count thereof. (*Aiken v. State,* 41 Neb., 263.)

2. **Larceny:** EVIDENCE: INSTRUCTIONS. It is not error in a prosecution for larceny to charge that "the proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment and understanding of ordinary prudent men with a conviction upon which they would act in their own most important affairs or concerns of life." (*Polin v. State,* 14 Neb., 540; *Willis v. State,* 43 Neb., 102.)

3. **Criminal Law:** INSTRUCTION AS TO PENALTY. Where the jury have been fully advised respecting the distinction between grand larceny and petit larceny, it is not error for the trial court to add that they have nothing to do with the question of the penalty, and that it is their duty to render a verdict in accordance with the evidence without regard to its effect upon the accused. (*Ford v. State,* 46 Neb., 390.)

4. **Instructions.** Certain instructions *held* properly refused, the

propositions therein embraced having been given by the court on its own motion in language quite as favorable to the accused.

5. Larceny: EVIDENCE. Evidence examined, and *held* to sustain the conviction on the charge of larceny.

ERROR to the district court for Buffalo county. Tried below before SINCLAIR, J.

*F. G. Hamer* and *Greene & Hostetler*, for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

POST, C. J.

The plaintiff in error was by the district court for Buffalo county adjudged guilty of grand larceny and sentenced to a term in the penitentiary, which judgment he now seeks to have reversed by means of a petition in error addressed to this court.

1. The first proposition to which we will give attention is that the verdict is contrary to law, for the reason that the indictment includes in the same count a charge of burglary as well as of larceny. The charge is in the usual form and concludes as follows: "Then and there being found in said barn, feloniously and burglariously did steal, take, and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska." It is said by counsel, "The stealing that is here charged is a burglarious stealing. * * * If the answer be that he is charged with both burglary and theft, I reply that he cannot be so charged in the same count, and that the indictment is bad for duplicity." To that proposition we cannot give our assent. It is, on the contrary, firmly established by authority that burglary and larceny, where each constitutes part of the same transaction, may be charged in the same count, and

the defendant may be found guilty of larceny only. (*Aiken v. State*, 41 Neb., 263, and authorities cited.)

2. It is next alleged that the court erred in giving the following instructions on its own motion: "The court instructs you that by a reasonable doubt is not meant that the accused may possibly be innocent of the crime charged against him, but it means an actual doubt having some reason for its basis. A reasonable doubt that entitles to an acquittal is a doubt of guilt reasonably arising from all the evidence in the case. The proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment and understanding of ordinary prudent men with a conviction on which they would act in their own most important concerns and affairs of life." The specific objection to the foregoing instruction, as made in the motion for a new trial, is to the last sentence or paragraph thereof. That portion of the instruction to which the criticism is directed is a substantial copy of the charge approved by this court in *Polin v. State*, 14 Neb., 540, *Langford v. State*, 32 Neb., 782, and *Willis v. State*, 43 Neb., 102. The use of the qualifying word "ordinary" instead of "ordinarily," as in the instruction approved, is probably the result of an error in transcribing; but however that may be, the variance is unimportant and presents a question of grammatical construction rather than a question of law.

3. During the deliberation of the jury the following proceedings were had as disclosed by the record:

"Question by jury: 'What is the difference in punishment between grand larceny and petit larceny?'

"Answer by the court: 'Grand larceny is where the property stolen is of the value of $35 or upwards, and punishable by confinement in the penitentiary not less than one year and not more than seven years. Petit larceny is where the property stolen of the value less than $35 and is punishable by imprisonment in the county jail not exceeding thirty days, and in addition may be fined $100, and

43

also to make restitution to the owner of the property stolen in double its value. The court desires to add that it answers these questions in the hope that it may help your investigations, but desires to say further that it is your duty to pass upon the evidence and declare your verdict thereon irrespective of what the punishment may be. This matter is for the court. You have done your whole duty when you have passed upon the facts as shown by the evidence."

Exception was taken to the cautionary language with which the foregoing instruction concludes, and which exception is the ground of the next assignment of error. The question here presented was practically determined in *Ford v. State*, 46 Neb., 390, where it was said that "where the jury are not required to fix the punishment in a criminal prosecution, it is not error for the trial judge to refuse to instruct them as to the penalty prescribed by statute for the offense, or to permit that question to be argued to the jury." The only difference between that case and the case at bar is that in the former counsel were refused permission to comment upon the penalty for larceny in their argument to the jury, while in the latter the question was disposed of by the instruction. The court, therefore, did not err in the ruling assigned.

4. Certain witnesses for the state had been employed as detectives to procure evidence against the accused, and instructions requested by the latter regarding the weight to be given the testimony of such witnesses were refused, and which refusal is also assigned as error. The request of the accused was based upon the holding of the court in *Preuit v. State*, 5 Neb., 377, and in *Heldt v. State*, 20 Neb., 492. But the same proposition had been given in the charge of the court in language deemed by us more appropriate than that employed in the instruction approved in *Preuit v. State*. The trial court did not err, therefore, in refusing the request above mentioned.

5. The accused and Joseph Roof were jointly charged

with burglariously breaking and entering a certain barn, the property of one Paist, with intent to steal harness, corn, and other property and with the actual theft of the property therein described. Roof, it appears, was soon thereafter arrested and confessed to his participation in the theft, and also implicating the accused in said crime. In pursuance of an understanding with the former, two witnesses for the state, Gass and Overmire, secreted themselves in his cell, when, according to said witnesses, the following conversation was had, quoting from the testimony of Overmire: "Sheriff Nutter brought Lawhead in there and Roof sat on a chair toward the back end of the hall-way, and said to him, 'You can stay in there,' and then he [Nutter] went upstairs. Lawhead said, 'Hello, old man, you are here, are you?' Roof said, "Yes, I'm here.' Lawhead said, 'How are you feeling?' Roof said, 'Pretty badly.' Lawhead said, 'Well, you old cuss, if you had not given me away as you did, we would both have been out of here.' Roof said, 'I told you not to take the harness. If you had not it would have been all right.' Lawhead said, 'I know that, but I would not give a man away.' * * * Roof said, 'What did you do with the harness?' Lawhead said, 'If I told you, you would go and tell the officers right away and it would put us both in the pen.' He said he needed the harness in his business, and Roof was kicking all the time about the harness." The foregoing statement is corroborated by Gass, although it is denied *in toto* by the accused. This evidence, it is strenuously insisted, is insufficient to sustain the judgment of conviction, and that the verdict should have been set aside upon that ground. But we think otherwise. According to the settled law of the state, a conviction may rest upon the uncorroborated evidence of an accomplice when sufficient, in connection with the other evidence, to satisfy the jury beyond a reasonable doubt of the guilt of the accused. (*Olive v. State*, 11 Neb., 1; *Lamb v. State*, 40 Neb., 312.)

In the case at bar the larceny is, as we have seen, clearly proved and is practically admitted by counsel. Roof, the accomplice, was found in possession of a part of the stolen property, and the admissions of the accused, without doubt, strongly tend to connect him with the perpetration of the crime. The evidence appears to have satisfied the jury beyond a reasonable doubt of his guilt. They were properly cautioned regarding the credit due to the testimony of the witnesses of the state, but they were, after all, the judges of the weight of the evidence, and to interfere with their verdict would be a reversal of the oft-asserted and firmly established rule of the court.

There are other propositions discussed in the brief by counsel. We have, however, noticed all questions presented by the record before us. The judgment of the district court is

AFFIRMED.