## W. F. COOK V. STATE OF NEBRASKA.

FILED MARCH 2, 1904.   No. 13,038.

1. **Criminal Law:** FALSE PRETENSES. To constitute the crime of obtaining money under false pretenses, the pretense or pretenses relied on must relate to a past event or an existing fact; any representation or assurance in relation to a future transaction, however false and fraudulent it may be, is not within the meaning of the statute.

2. **Instruction:** ERROR. On the trial of one charged with the violation of section 125 of the criminal code, the giving of an instruction which, in substance, informs the jury that if they find that the representations relied on amount to a promise to perform a future act, such promise must be carried out in good faith, and a failure to fulfil it, with intent to defraud, will render the defendant guilty the same as though such representations related to a past event or an existing fact, is reversible error.

ERROR to the district court for Cheyenne county: GEORGE W. NORRIS, JUDGE. *Reversed.*

*W. P. Miles, James L. McIntosh* and *Hamer & Hamer,* for plaintiff in error.

*Frank N. Prout, Attorney General, contra.*

BARNES, J.

An information was filed in the district court for Cheyenne county against the plaintiff in error, charging him with the crime of obtaining money under false pretenses by falsely stating, on the 1st day of October, 1901, to one J. W. Wehn, that he, the plaintiff, was the owner of and had in his possession 150 head of yearling steers, branded with a "Y" on the right hip; that he also had in his possession and owned 100 tons of hay, all situated on his ranch in Banner county, Nebraska; that, by means of such false statements or pretenses, he procured a loan of money from the said Wehn, amounting to $1,200; that he gave his note therefor due in 6 months thereafter, and secured the payment thereof by a chattel mortgage on the

steers and hay above mentioned. The truth of these statements was properly negatived by the information; in fact the charge contained therein was sufficient.

On the 18th day of November, 1902, the plaintiff appeared at the bar of the court and entered his plea of not guilty. Immediately thereafter he was tried, found guilty as charged in the information, and was sentenced to the penitentiary for the period of 3 years. He thereupon prosecuted error. His petition contains several assignments, but we will only consider the one which alleges error in the instructions.

It may be said, however, in passing, that the proof showed that the representations set forth in the information were not made to J. W. Wehn, but to one Burke, and, in order to avoid the effect of this variance, Burke testified that he was the agent of Wehn, and that it was Wehn's money which was obtained from him by means of the representations in question. It is unnecessary, however, for us to determine whether or not this was a fatal variance.

It appears that the plaintiff denied that he made the representations set forth in the information. He admitted that he received the money; that he gave the note and mortgage in question, but claimed, and furnished considerable evidence tending to show, that in the conversation between himself and Burke, at the time he borrowed the money, he stated that he did not own all of the cattle described in the mortgage, but was borrowing the money for the purpose of purchasing them; that he agreed to purchase them, and also agreed that as soon as they were purchased he would brand them and place them on his ranch, thus making them subject to the mortgage, which he then and there executed. After the introduction of the evidence, the trial judge charged the jury, among other things, as follows:

"The defendant in this case admits the giving of the mortgage as claimed by the prosecution, but claims that he had an agreement and understanding with C. H. Burke that the money obtained by the giving of the said mort-

gage should be used by him for the purpose of buying steers, such as described in the mortgage; if you find from the evidence that at the time said mortgage was given the defendant did not represent to the said Burke that he had the steers therein described, but that it was understood and agreed between the defendant and said Burke that said money so obtained should be used by the defendant to purchase steers of that description, then the defendant could not be held liable by you for the representations contained in said mortgage, as to his having possession of such steers at said time, but if such agreement were made it would have been the duty of the defendant to use, in good faith, the money so obtained for the purpose of purchasing the steers, such as is described in said mortgage, but if you find that he did not use said money for said purpose, and at the time of obtaining said money he did not intend to purchase said steers as agreed upon, but intended to defraud the said Wehn out of the same, then the defendant would be liable the same as though he had falsely represented that he had in his possession the steers described in the mortgage."

By this instruction the jury were told, in effect, that the pretense or pretenses relied on by the prosecution need not relate to a past event or an existing fact; that if the representation or assurance related to a future transaction or a future promise, still the plaintiff would be guilty of the crime of obtaining money under false pretenses; and it is this instruction of which he complains.

It is a well settled rule of the criminal law that the pretense or pretenses relied on to constitute the crime must relate to a past event or an existing fact; that any representation, or assurance, or promise, in relation to a future transaction, however false and fraudulent it may be, is not within the meaning of the statute. Maxwell, Criminal Procedure, 129; *Dillingham v. State*, 5 Ohio St. 280. The misrepresentations must be of a fact and not a statement of an opinion, or the making of a promise. 1 McClain, Criminal Law, sec. 668. This rule is so well understood that it is

unnecessary to cite any further authorities to support it. The law department of the state, while not confessing error, does not contend that the instruction is a correct statement of the law. The giving of this instruction was prejudicial error, for which the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

HOLCOMB, C. J., concurs. SEDGWICK, J., absent and not sitting.