WILLIAM HUTTER V. STATE OF NEBRASKA.

FILED FEBRUARY 2, 1921.   No. 21657.

1. **Criminal Law: UNCORROBORATED EVIDENCE OF ACCOMPLICE.** "A conviction may rest upon the uncorroborated evidence of·an accomplice when sufficient, in connection with the other evidence, to satisfy the jury beyond a reasonable doubt of the guilt of ˙the accused." *Lawhead v. State*, 46 Neb. 607.

2. ――――: ERROR. Error, to be available on review, must affirmatively appear on the face of the record.

3. ――――: INDORSEMENT OF WITNESSES DURING TRIAL. A conviction should not be reversed on the ground that the trial court permitted the state to indorse on the information during the trial the name of a witness, where there is no showing that accused was thus prejudiced, or that he asked for a postponement. Laws 1915, ch. 164; *Sheppard v. State*, 104 Neb. 709.

ERROR to the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Edmund H. McCarthy*, for plaintiff in error.

*Clarence A. Davis*, Attorney General, *Mason Wheeler* and *E. S. Nickerson*, contra.

ROSE, J.

In a prosecution by the state in the district court for Sarpy county, William Hutter, defendant, was convicted of burglary; the substance of the charge against him being that he feloniously entered the garage of Herman Uhe, at Papillion, and stole automobile tires and blow-out patches of the value of $505. Upon a verdict of guilty he was sentenced to the penitentiary for a term of 1 to 20 years. As plaintiff in error defendant presents for review the record of his conviction.

The first assignment of error presented is the insufficiency of the evidence to sustain the conviction. This is based largely on the proposition that defendant's participation in the burglary is shown only by the testimony of two

accomplices. It is a well-established rule of the criminal law of this state that "a conviction may rest upon the uncorroborated evidence of an accomplice when sufficient, in connection with the other evidence, to satisfy the jury beyond a reasonable doubt of the guilt of the accused." *Lawhead v. State,* 46 Neb. 607. Under this rule it is clear that the evidence of defendant's guilt is sufficient.

There is also a complaint that the county attorney in his closing argument erroneously accused counsel for defendant of misstating testimony, but the record does not disclose such an incident nor error in that respect.

The principal argument is directed to the assignment that the trial court erred in permitting the county attorney to indorse on the information the name of a witness during the trial. The granting of such permission is within the discretion of the trial court under a recent statute. Laws 1915, ch. 164. To make error available under this assignment, the record should show that defendant was prejudiced, or that he asked for a postponement or for a continuance. *Sheppard v. State,* 104 Neb. 709. In these respects the record is silent.

AFFIRMED.