## ALLAN DYSON v. STATE OF NEBRASKA.

### FILED FEBRUARY 16, 1922. No. 21929.

1. **Criminal Law:** EVIDENCE: SUFFICIENCY. "A conviction may rest upon the uncorroborated evidence of an accomplice when sufficient, in connection with the other evidence, to satisfy the jury beyond a reasonable doubt of the guilt of the accused." *Lawhead v. State*, 46 Neb. 607; *Hutter v. State*, 105 Neb. 601.

2. ———: REFUSAL OF INSTRUCTION. Where a proposition embodied in a requested instruction is covered by an instruction given by the court on its own motion, it is not error to refuse to give an instruction in the language requested by a party to a suit.

3. ———: TESTIMONY OF ACCOMPLICE: QUESTION FOR JURY. While the attention of the jury is properly directed to the importance of cautiously considering the testimony of an accomplice, the weight to be given such testimony, as in the case of other witnesses, is a matter exclusively for the determination of the jury.

4. **Evidence** examined, and *held* sufficient to sustain the verdict.

ERROR to the district court for Morrill county: ANSON A. WELCH, JUDGE. *Affirmed.*

*R. J. Greene, H. C. Wilson* and *Richards & Carter,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

Heard before MORRISSEY, C.J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

ELDRED, District Judge.

The plaintiff in error, hereinafter called the defendant, was convicted of the offense of burglary. The information charges that the offense was committed on the 1st day of November, 1920, in Morrill county, Nebraska, by breaking and entering a certain box car of the Chicago, Burlington & Quincy Railroad Company, with the intent to steal goods of the said company. It is not contended that the defendant personally or alone committed the act charged. The theory of the prosecution is that the accused was one of three parties who were present at the time of the alleged burglary, acting in pursuance of a common design, with the intent to commit the offense charged.

The principal reason urged for the reversal of the judgment is that the verdict is not sustained by sufficient evidence. The conviction, to a large extent, rests upon the testimony of one Orville Crain, who testified that he knew Allan Dyson (the defendant) and Morris Casey on or about November 1, 1920; that he recalled being over at the "Y" with Allan Dyson and Morris Casey at that time; that a car was broken into by Casey, about six caddies of tobacco were taken from the car by Casey and handed over to the witness; that Dyson was present at the time and all three went back to Bridgeport, went down the alley to Charlie West's place, where they left the tobacco; that he does not remember if the box car was sealed up, but thinks it was; all three were there together, but Dyson was down at the end of the car; the car was at Northport, on the line of the Burlington. The sheriff testified that he found the tobacco, claimed to have been stolen, in the store-room back of Charlie West's house. The other evidence offered was mostly in the nature of corroborative circumstances. Allan Dyson testified in his own behalf, and denied that he was present at the time of the alleged burglary, or that he in any manner participated in the offense.

The jury were properly instructed by the court that, before they could find the defendant guilty, they must find that the car was forcibly broken into and entered; that the defendant was personally present, acting with the person who actually used force, in pursuance of a common design, and with the intent to so participate in the act as to insure the success of a common enterprise. The court also fairly instructed the jury, both at the request of the defendant, and on its own motion, regarding the weight to be given the testimony of an accomplice.

It appears that the defendant was not the party who actually broke and entered the car in question; but if the jury were satisfied from the testimony and the surrounding circumstances disclosed · by the evidence that the defendant was personally present, with the party actually doing the breaking and entering, at the time the alleged offense was committed, or stood guard while the act was being accomplished, and that his presence and acts at that time were in pursuance of a common design, and with the intent on his part to so participate therein as to insure the success of the enterprise, that .was a sufficient participation to make him a party to the commission of the offense.

It is well established in this state that a conviction may rest upon the uncorroborated evidence of an accomplice, when sufficient, in connection with the other evidence, to satisfy the jury beyond a reasonable doubt of the guilt of the accused. *Hutter v. State,* 105 Neb. 601; *Lawhead v. State,* 46 Neb. 607.

The testimony was sufficient to carry the question to the jury, and it was for the jury to determine its weight. The jury and trial court had an opportunity of observing the witnesses while testifying, of which this court is deprived. The trial court approved of the verdict of the jury, and rendered judgment thereon. It is now urged that upon the whole case the evidence ·is insufficient to sustain a conviction. We have set out enough

of the testimony to indicate the character of the evidence. While the details as to the commission of the offense were not proved with that care that should be exercised by prosecuting officers in cases of this character, we conclude that the case is not so lacking in evidence on behalf of the state as to warrant interference by this court.

A number of errors are assigned with reference to the admission and rejection of testimony. We have examined each of such assignments and find no prejudicial error in the rulings.

Complaint is made of the refusal to give instruction No. 1, requested by the defendant, as to the presumption of innocence; it being urged that it was one approved by this court. While the instruction tendered may be an approved form, yet the trial court gave an instruction embodying in substance the proposition covered by the requested instruction. The court, having fully covered the proposition in its own instructions, did not err in refusing to give the instruction in the language requested by the defendant.

At the request of the defendant the jury were instructed:

"The fact that a person is an accomplice in a commission of a crime goes to his credibility as a witness, and an accomplice is not entitled to the full credit given to the other witnesses. You will receive such testimony with caution, closely scrutinize it in the light of all the other evidence in the case, and give to it such weight as you may think it is entitled to have."

The court also, on its own motion, gave the following instruction:

"The fact that the witness, Orville Crain, is shown by his testimony to be an accomplice does not make him incompetent as a witness; the turpitude of his conduct does not disqualify him to be a witness. The admission of an accomplice as a witness is said to be justified by the necessity in a case, and with the wisdom of the

practice you are not concerned. The degree of credit which ought to be given to the testimony of a witness who is an accomplice is a matter exclusively within your province to decide. Great caution in weighing such testimony is dictated by prudence and sound reason, and, under the law, you may, if you see fit, act upon the testimony of the accomplice, and, if satisfied beyond a reasonable doubt from it and all the other evidence in the case that the defendant is guilty, then you should so find."

The action of the court in giving the last instruction is criticised, and it is argued that, while the instruction requested by the defendant informed the jury that an accomplice was not entitled to the full credit given other witnesses, by the instruction given on the court's own motion the defendant's instruction was so qualified as to render it meaningless and inapplicable to the testimony of the witness Crain. We do not believe the instruction subject to the criticism made. The first sentence of the defendant's instruction, standing alone, would somewhat invade the province of the jury; but when construed with the latter part of the instruction it is not in conflict with the instruction given by the court on its own motion, which advises the jury that great caution should be used in weighing the testimony of an accomplice, but that the degree of credit which should be given the testimony of such a witness was a matter exclusively within the province of the jury. The rule embodied in the instruction is in accord with the former holdings of this court, and with the general rule. *Lamb v. State,* 40 Neb. 312; *State v. Sneff,* 22 Neb. 481; 16 C. J. 695, sec. 1422; Randall's Instruction to Juries, sec. 21.

Finding no prejudicial error in the record, the judgment appealed from is

AFFIRMED.