DEWEY SWEEDLAND V. STATE OF NEBRASKA.

FILED DECEMBER 30, 1922. No. 22866.

1. Larceny: LANDLORD AND TENANT: DIVISION OF CROPS. Under a lease entitling the tenant to two-thirds of a crop of wheat and the landlord to one-third, the dividing of the wheat as threshed and the storing of the share of the landlord for him in a separate bin in a granary on the premises may constitute payment of the rent to that extent and, as to the landlord's share thus stored, may terminate the relation of landlord and tenant and bailor and bailee, though the tenant thereafter has the right to remain in possession of the leased land during the rest of an unexpired term.

2. ———: SUFFICIENCY OF EVIDENCE. Evidence outlined in opinion *held* sufficient to sustain the conviction of a tenant for the larceny of wheat raised on the leased land and stored thereon for the landlord as his share of the crop.

3. ———: EVIDENCE: HARMLESS ERROR. In a prosecution for larceny, the failure to qualify a witness who testifies to the market price of wheat charged to have been stolen is not a reversible error, where the state and defendant stipulate in open court such price and the jury base their finding of value thereon.

4. Criminal Law: EVIDENCE: CONFESSIONS. In a criminal prosecution, confessions of guilt, though made to a sheriff, are admissible in evidence, if voluntarily made without threats or inducements.

5. ———: NONPREJUDICIAL ERRORS. Errors in the trial of a criminal case do not require the reversal of a conviction, if they in no wise prejudice defendant.

ERROR to the district court for Kearney county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*Bruckman & Paulson,* for plaintiff in error.

*Clarence A. Davis, Attorney General, Charles S. Reed* and *J. L. McPheely, contra.*

Heard before MORRISSEY, C. J., ROSE and FLANSBURG, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

In a prosecution by the state in the district court for Kearney county, Dewey Sweedland, defendant, was convicted of the larceny of wheat valued at $22.88, the property of Anna K. Jensen Homark. For that misdemeanor he was sentenced to pay a fine of $100. As plaintiff in error, he presents for review the record of his conviction.

It is first argued that the wheat was not the subject of larceny by defendant because, as he views the record, he was lawfully in possession of it as tenant and bailee November 28, 1921, the date of the offense charged in the information. He was not convicted of larceny in the capacity of tenant or bailee, each of which is a separate statutory offense. He denies the taking of lessor's

wheat and argues that all incriminating evidence applies either to larceny by bailee or to larceny by tenant. From Anna K. Jensen Homark he had leased the farm on which the wheat was raised and his lease did not expire until March 1, 1922. The grain was on the leased farm November 28, 1921, and his conclusion of law is that he was then in rightful possession as tenant and bailee and therefore not guilty of larceny. According to the lease defendant was entitled to two-thirds of the crop and lessor to one-third. The wheat was divided as it was threshed. The portion belonging to lessor was stored for her on the premises in the west bin of the granary and defendant's share was stored for him in the east bin. There is evidence tending to prove that defendant, after the division, hauled away his own share in a wagon; that when he made his last trip to the east bin he emptied it, getting part of a load only, and that he backed his wagon to the west bin and took therefrom wheat enough to make a full load. Witnesses testified to having seen him in the act of taking wheat from the west bin. There is proof of admissions by him that he did so.

Were the jury justified in finding defendant guilty of larceny as distinguished from larceny by bailee and larceny by tenant? Courts and text-writers often find it difficult to determine when the bailment or tenancy ends, where the bailee or tenant retains a limited custody of the property after the original bailment or tenancy has partially or wholly served its purpose. Distinctions are sometimes made between possession created by the relation of bailor and bailee or of landlord and tenant and mere temporary, unavoidable custody after the original contract has been partially or wholly performed. In the instant case the proof of larceny seems plain. Until the respective shares of the wheat were separated, defendant had possession of the crop for the purpose of raising it and procuring his share. The division of the crop and the storage of lessor's portion for her in the

west bin amounted to payment of the rent to that extent and she had the right of immediate removal. Defendant thus lost the complete possession and control which he legally had before the crop was divided. There was no new contract giving the tenant exclusive possession of the landlord's wheat in the west bin and the law did not imply a new bailment for such a possession. As to the tenant's original possession the tenancy and bailment had served their purpose in respect to the wheat in the west bin. There the landlord's right of possession was complete. To that right such temporary, unavoidable custody as the tenant had was a mere incident and was in a sense the custody of the landlord. She had the right of entry for the purpose of taking her property. Defendant had no right to touch the wheat in the west bin for the purpose of removing any part of it. Any duty which he had in respect to it after the shares were separated was not the duty of a bailee or tenant as those relations were originally created. When he entered the west bin and took his landlord's wheat, he committed a criminal trespass. As to that particular wheat the bailment and the tenancy had previously served their purpose and had been terminated by the acts of the parties. The conclusion is that the wheat in the west bin was the subject of larceny by defendant when he removed part of it.

It is also contended that the evidence is insufficient to sustain the conviction. In this connection it is argued that shrinkage will account for the estimated difference between the quantity of wheat stored in the west bin and the number of bushels found to have been removed therefrom by lessor. Evidence of the quantity taken and of the price sustains the finding of the jury on the issue of value. Shrinkage does not account for the difference between the quantity of wheat stored for lessor and the amount removed by her. All elements of the larceny charged are sufficiently shown.

Complaint is made because a witness who failed to

state he knew the market value of wheat November 28, 1921, was permitted to testify it was 92 cents a bushel a week or 10 days later. Defendant was not thus prejudiced. Later in the trial the state and defendant stipulated that the market value of wheat on the date mentioned was 88 cents a bushel and the record indicates that the jury estimated the value of the stolen property on that basis.

Testimony by the sheriff that defendant confessed his guilt is also criticised as erroneously admitted. The point is without merit. The evidence shows that defendant voluntarily made his incriminating statements and that to procure them no threats were made or inducements offered.

There are other assignments of error, but no substantial ground for reversing the judgment has been presented.

AFFIRMED.