FRANK VICKERS, V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1923.   NO. 23313.

1. Criminal Law:  PROSECUTING ATTORNEY AS WITNESS.  In a criminal prosecution the impropriety of the county attorney in being at the same time a witness for the state and a public prosecutor does not necessarily constitute error prejudicial to accused.

2. Information:  BURGLARY.  LARCENY.  Burglary and larceny may be charged in a single count of an information, where the criminal acts of which defendant is accused constitute parts of the same transaction.

3. Larceny:  VALUE OF PROPERTY.  A penitentiary sentence on a verdict that defendant is guilty of grand larceny cannot be sustained, where the jury fail to comply with the statute requiring them to ascertain and, declare the value of the property stolen.  Comp. St. 1922, sec. 10154.

4. ———: VERDICT:  INTENDMENT.  In a criminal prosecution the legal intendment of a general verdict against accused is to find him guilty of the graver offense, where two offenses of

different grades constituting parts of the same transaction are charged in a single count of the information.

5. Harmless error in a criminal prosecution is not a sufficient ground for the reversal of a conviction.

ERROR to the district court for Gage county: LEONARD W. COLBY, JUDGE. *Affirmed.*

*Grant G. Martin* and *Bartos & Bartos,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and GOOD, JJ., SHEPHERD, District Judge.

ROSE, J.

In a prosecution by the state in the district court for Gage county, Frank Vickers, defendant, was accused of breaking into a Union Pacific freight car at Beatrice and of stealing therefrom a phonograph and other property exceeding in value $35. The jury rendered a general verdict of guilty as charged in the information. For committing the felony of burglary he was sentenced to the penitentiary for a term of three years. Defendant, as plaintiff in error, presents for review the record of his conviction.

It is first insisted that the trial court erred in permitting the county attorney to make an argument to the jury, urging a conviction, after he had testified as a witness against defendant. Prejudicial error in this respect is not shown. Three persons were implicated in the criminal acts charged. One of the culprits, Sam Parker, pleaded guilty and testified to the guilt of the others—Frank Vickers, defendant, and Melvin Stanley. Defendant and Stanley were by consent tried together. The county attorney testified to a confession of guilt by Stanley and to a declared purpose by him, before trial, to plead guilty. While the confession incriminated defendant also, it was excluded as evidence against him. The propriety of the county attorney testifying as a

witness was not questioned. Without objection, after he left the witness-stand, he continued to participate in the trial as one of three attorneys for the state. To his addressing the jury, after both parties had rested, there was, however, an objection on the ground that he had testified as a witness against defendant. This was overruled, but the bill of exceptions does not show that the county attorney argued the case to the jury. Unless an assignment of error in the motion for a new trial implies that fact, there is nothing in the transcript of the proceedings to indicate that the county attorney addressed the jury on the merits of the prosecution. If he did so, no attempt to preserve what he said in argument was made. In a criminal prosecution the impropriety of the county attorney in being at the same time a witness for the state and a public prosecutor does not necessarily constitute error prejudicial to accused. Prejudice in this respect does not affirmatively appear in the record presented for review.

It is next argued that the sentence cannot stand because the verdict is fatally defective. The point is not well taken. In a single count of the information defendant was accused of burglary—feloniously breaking into a freight car with intent to steal—and of larceny—stealing articles from the freight car. The charging of both criminal acts in a single count was permissible. *Lawhead v. State,* 46 Neb. 607. The larceny tends to show the criminal intent essential to burglary. The evidence is sufficient to sustain a verdict against defendant for either burglary or larceny. Under the instructions the jury were at liberty to acquit defendant entirely or to find him guilty of either felony. In one instruction the jury were permitted to find defendant guilty of larceny only, a lesser offense than burglary, but there was no direction, in the event of such a verdict, to determine and declare the value of the property stolen. The verdict was guilty as charged in the information. This is challenged on the ground that it fails to state definitely the particular crime for which defendant is punishable, he being answerable for one offense only, since the criminal acts charged

are parts of the same transaction. Defendant did not request an election between charges and the prosecution made none. The information is sufficient to sustain a conviction for either crime. *Aiken v. State,* 41 Neb. 263. The general verdict of guilty included the charge of burglary. For that felony alone defendant was sentenced. By including the lower grade of crime in the general verdict of guilty without finding the value of the property stolen the jury did not subject defendant to a sentence for larceny and none was imposed. Comp. St. 1922, sec. 10154. The omission of the trial court to require such a finding, if defendant committed larceny only, and the failure of the jury to ascertain the value of the property stolen did not vitiate the verdict against defendant for burglary or call for a new trial. The case falls within the rule of the criminal law that the legal intendment of a general verdict against accused is to find him guilty of the graver offense, where two offenses of different grades constituting parts of the same transaction are charged in a single count of the information. Error in these particulars was harmless.

Instructions are criticised, and it is urged in addition that the sentence is excessive, but in these respects there is no meritorious ground for complaint. Prejudicial error has not been pointed out or found. Defendant had a fair trial and the evidence sustains the judgment.

AFFIRMED.