Marshall, C. J.
 

 The motion for new trial on the ground of variance between the indictment and the proof was overruled, and this was one of the grounds of error urged before the Court of Appeals, but that court rested its judgment upon the other branch of the case and apparently did not rule upon the question of variance. Counsel for the accused still urge that assignment of error in this court, on the theory that, even though this court should find that the Court of Appeals erred in reversing the case upon the other ground, its judgment is nevertheless correct because of the alleged error of the trial court in overruling the motion for new trial. This question therefore challenges the attention of this court at this time.
 

 It is claimed that while the indictment charges obtaining “money,” the proof shows that the accused obtained “checks.” It is true that at one place in the record the prosecuting witness testified that he had given only checks. At other places he testified that he had paid money to the accused, and at another place in the record he testifies, to haying made a deposit to the credit of the accused in bank. At still other places there is testimony
 
 *130
 
 to the effect that he has the canceled checks, thereby clearly indicating that the money was obtained upon the checks. Under modern business methods, nearly all payments of money are made by check for the convenience of the parties, and inasmuch as it clearly appears that these checks were paid, and the money obtained thereon, there would be no fatal variance even though the record contained no further testimony as to the deposit of money to the credit of the accused.
 

 Section 13582, General Code, simplifies this question, because it is therein provided that a “variance shall not be ground for an acquittal of the defendant, unless the court before' which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant.” In
 
 Lytle
 
 v.
 
 State,
 
 31 Ohio St., 196, this court, speaking through Gilmore, J., has made a very sensible observation on this subject on page 199 of the opinion:
 

 “Instead of looking to the rules of evidence to ascertain whether there is a variance between the allegations of the indictment and the evidence offered, the court now looks at the case as it stands before
 
 it;
 
 and if • there are variances between the allegations and the proof offered, the defendant, for that reason alone, must not be acquitted, unless, in the opinion of the court, the variance is material or may be prejudicial to the defendant. The opinion of the court, in this respect, is now substituted for the former rule of evidence on the subject.”
 

 The court of common pleas did not err in overruling the motion .for new trial, and the Court
 
 *131
 
 of Appeals did not err in disregarding this assignment of error.
 

 The other assignment of error relates to the sufficiency of the indictment. The specific complaint of the indictment is that it did not contain a repetition of the words “with intent to defraud” in connection with the allegation of obtaining the property, and that to make the indictment good there should have been inserted after the words, “unlawfully did obtain,” a repetition of the words, “with intent to defraud.” An examination of the record shows that it is charged that the defendant “unlawfully and knowingly did falsely pretend, with intent to defraud,” etc. And in the latter part of the indictment, after alleging the fact of obtaining property by such false pretenses, we find the following: “And the said Henry Joseph at the time he so falsely pretended as aforesaid, well knew the said false pretenses to be false,” etc.
 

 The question presented is one of pleading. There can be no difference of opinion as to the requirements of a criminal pleading. It was held in
 
 Rufer
 
 v.
 
 State,
 
 25 Ohio St., 464, that the greatest certainty of averment in every particular of which the offense is capable is unnecessary. It has further been held that the indictment or information must aver all the material facts which it is necessary to prove to produce a conviction, and with such reasonable certainty as to advise the accused what he may expect to meet on the trial.
 
 Davis
 
 v.
 
 State,
 
 7 Ohio, 204, pt. 1;
 
 Fouts
 
 v.
 
 State,
 
 8 Ohio St., 98;
 
 Lougee
 
 v.
 
 State,
 
 11 Ohio, 68. There must be such certainty and precision that the
 
 *132
 
 court and jury may be advised of the nature of the offense, and that the court' may determine without difficulty questions of admissibility of evidence. The allegations must be sufficiently definite to show upon what charge the party has been placed in jeopardy. If there is a failure of any of these particulars, a motion to quash would be in order, but no such motion was filed in the instant case. We are only concerned in this case with the question of the sufficiency of the indictment to charge a criminal offense. Section 10 of the Bill of Rights provides that the party accused shall be entitled “to demand the nature and cause of the accusation against him.” It must be admitted that the indictment is not sufficient unless it alleges every essential element of the crime of obtaining property under false pretenses. Without setting forth Section 13104, General Code, at length, it is sufficient to say that it contains four elements: (1) A false representation of fact; (2) the intent to defraud; (3) belief in and reliance upon the representations; (4) obtaining something of value by means thereof. Inasmuch as the intent to defraud is made an element of the crime, it is elementary that that intent must be specifically alleged in the indictment. It is, however, only necessary that it be alleged with such precision and certainty as to advise the accused that he is charged with entertaining such fraudulent intent. It is specifically alleged that he made the false pretenses with intent to defraud, and that by such false pretenses he unlawfully did obtain money of the value of $1,000, and that at the time he so falsely pretended as aforesaid he well knew
 
 *133
 
 such pretenses to be false.' To require repetition of the words “with intent to defraud” in connection with the obtaining of the property is equivalent to stating that the intent to defraud at the time he made the false pretenses had ceased before unlawfully obtaining the property by means of such false pretenses, and that the property might have been obtained with the purest motives, notwithstanding the fact that all the time he knew the false pretenses to be false. Such an absurd statement instantly becomes its own refutation. Any requirement of repetition of the words, “with intent to defraud,” is magnifying the form and minimizing the substance, and is such a refinement of reasoning that it can have no proper appeal to modern ways of thinking. The Court of Appeals in reversing the judgment of the trial court felt bound to reverse upon the authority of
 
 State
 
 v.
 
 Mutchler,
 
 87 Ohio St., 268, 101 N. E., 267. That case was in all respects parallel to the instant case, but in the opinion of this court neither the reasoning in that case nor the conclusions reached are sound. Every element of the crime of obtaining property under false pretenses is stated in the indictment in the instant case, and in reversing the trial court the Court of Appeals erred, and its judgment must be reversed.
 

 Judgment reversed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.