A. W. HAMEYER, REAL NAME UNKNOWN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

29 N. W. 2d 458

Filed November 7, 1947.    No. 32256.

*McKillip, Barth & Blevens* and *David Tant,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, *Leslie Boslaugh,* and *C. S. Beck,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

YEAGER, J.

This is a criminal action prosecuted on information in the district court for Seward County, Nebraska, by the county attorney of said county in the name of the State of Nebraska against A. W. Hameyer, real name unknown, defendant. In the action in the district court the State of Nebraska was denominated plaintiff and A. W. Hameyer defendant.

The information contained four counts each of which contained a separate charge that A. W. Hameyer was guilty of obtaining money by false pretenses from Wil-

liam Woebbecke. At the conclusion of the evidence the defendant moved separately on each count for a directed verdict in his favor. This motion was sustained as to counts I and II of the information. Thereupon the other two counts were submitted to a jury. A verdict was returned finding the defendant guilty on the two counts. Following the rendition of verdict a motion for new trial was filed which was overruled and the defendant sentenced to serve a term of four years in the state penitentiary. The defendant has brought the record here for review by petition in error. In the proceeding here the defendant below is plaintiff in error and the State of Nebraska is defendant in error. However, for convenience he will be referred to as defendant and the defendant in error as the State.

The assignments of error in the brief upon which defendant relies for reversal are numerous but those which require consideration fall into seven general classifications and will be thus considered herein. These classifications do not follow the order of assignment in the brief and do not contain all of the assignments noted but they do embrace comprehensively the subjects that require consideration and determination. They are (1) that the information failed to state a cause of action; (2) that the court erred in denying a continuance; (3) that the court erred in refusing inspection of the lease on which the prosecution was based; (4) that the court erred in its rulings on the admissibility of evidence; (5) that the court erred in refusing to allow the defendant to withdraw his plea of guilty and file a motion to quash the information; (6) that the court erred in submitting the case to a jury on counts III and IV, the theory being that the evidence was insufficient to sustain a conviction; and (7) that the sentence is excessive.

The particular question raised by the objection that the information did not state a cause of action is that the representations pleaded have reference to events to happen in the future and not to past events or exist-

ing facts. The question was first raised by motion for leave to withdraw a plea of not guilty and to file a motion to quash the information.

The rule of law upon which defendant relies in this connection and which is controlling is the following:

"It is a well settled rule of the criminal law that the pretense or pretenses relied on to constitute the crime must relate to a past event or an existing fact; that any representation, or assurance, or promise, in relation to a future transaction, however false and fraudulent it may be, is not within the meaning of the statute." Cook v. State, 71 Neb. 243, 98 N. W. 810. There is no contention in this case that this is not the controlling rule.

It therefore becomes necessary to examine the alleged representations and to ascertain whether or not they or one 'or more of them may be interpreted as referring to past events or existing facts. The allegations as to representation are three in number and are identical in the two counts which we are required to examine. They are in substance (1) that the defendant could procure for William Woebbecke an oil and gas lease upon a 320 acre tract of land situated in Caddo County, Oklahoma, for $1,600 which lease could be sold for $32,000 within three months, (2) that the defendant had a buyer who would purchase the lease for $32,000, and (3) that there were active and producing oil and gas wells immediately adjacent to and surrounding the land. There are other detailed representations but we have interpreted them to be incidents of or elaborations upon these three.

These alleged representations analyzed and interpreted in the light of what a person of average intelligence and lay understanding would construe them to mean, we conclude, amounted to representations of existing fact. We think that this should be the approach and that courts in such circumstances should not indulge in strained or technical refinements the effect of which might be to defeat the purposes of law and the ends of justice.

Interpreted in this light the obvious purport of the first representation was that defendant had a present and existing ability to procure a lease on lands referred to for $1,600. This is not a strained but is a reasonable interpretation. It is therefore in this sense a representation as to an existing fact and not to a future event.

The second representation interpreted in the same view amounted to a representation that the defendant had a commitment for the purchase of the lease for $32,000, which was, like the first, a representation as to an existing fact and not to a future event.

No discussion is required as to the third beyond the statement that without interpretation it is on its face the representation of an existing fact.

In the light of these observations it becomes clear that the court did not err in overruling the motion for leave to withdraw the plea of not guilty and in denying leave to file a motion to quash the information. Counts III and IV stated causes of action against the defendant. This conclusion disposes of the first and fifth classifications.

Before the commencement of the trial the defendant requested leave to inspect and to make a copy of the lease. Leave was denied. Also before the trial a motion for continuance was made. This was also denied. Of these rulings the defendant complains.

For statutory right to have the lease produced for inspection the defendant relies on section 25-1267, R. S. 1943, the pertinent portion of which is the following: "Either party or his attorney may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper or document in his possession or under his control, containing evidence relating to the merits of the action or defense therein." This section of the statute was applied in Marshall v. State, 116 Neb. 45, 215 N. W. 564, to procedure in criminal actions but an examination of its history discloses that it has no proper application in such actions, but applies

only in civil actions. The section was adopted as and remains a provision of the Code of Civil Procedure.

This is not to say however that a like rule of procedure is not applicable to criminal proceedings. In Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323, this court, independent of statute, said: "If a prosecution is based upon the correctness or incorrectness of certain records, such as is ofttimes the case in a prosecution for embezzlement, the examination of such records by the defendant should be granted." This rule is reasonable but discretionary and should be enforced when the ends of justice require it.

The question then before this court is that of whether or not the trial court abused its discretion in refusing to order an inspection of the lease. On the record it cannot well be said that the court abused its discretion in this respect.

At the time of hearing on the motion all that the court had before it was the information and the motion. The motion was not supported by affidavit and from the record it cannot be said that the motion was supported by any other kind of evidence. There is nothing in the transcript or the bill of exceptions to show that the defendant was prejudiced by the failure of the court to order an inspection of the lease. The motion for continuance must receive the same treatment as the application for inspection of the lease since there is no showing of prejudice or abuse of discretion.

Another ground for continuance was presented by the defendant in his assignments but since it is not considered by defendant in his brief it will be disregarded agreeable to the rule that errors assigned but not argued will be considered as waived. Madsen v. State, 44 Neb. 631, 62 N. W. 1081; Mason v. State, 132 Neb. 7, 270 N. W. 661; Maher v. State, 144 Neb. 463, 13 N. W. 2d 641.

During the course of the trial the State, after proper identification thereof, offered in evidence a purported oil and gas lease on 320 acres of land in Caddo County,

Oklahoma, which had been delivered by the defendant to William Woebbecke which, as it became clear on the trial, was the lease and land contemplated by defendant in the representations which were made the basis of the present action. Over objection and motion for continuance the lease was received in evidence.

There were two objections and motions both of which were overruled.

The first one was: "That is objected to as being incompetent, irrelevant and immaterial and not such a lease as was described or referred to in the information, and for the further reason that the defendant at this time is taken by surprise by the offer of this lease, Exhibit '8', as much as we have heretofor (sic) filed a motion to be furnished with a copy of the lease on which the State was relying for a prosecution in this case, and our application for inspection of the lease having been heretofor (sic) refused and we now ask at this time, in as much as we are taken by surprise by this lease, which is not such a one as is described in the information, as we view it, that the case at our request be declared a mistrial and the case continued over the term."

The second was: "The defendant at this time, in as much as Exhibit '8' purports to describe real-estate situated in Caddo County, Oklahoma, and this being the first occasion on which the exhibit is available to the defendant's counsel, the defendant moves that the case be continued to enable defendant's counsel to make a trip to Caddo County in Oklahoma for the purpose of investigating the land described in said lease."

The decision here in part must depend on the question of whether or not the trial court abused its discretion to the prejudice of the defendant in its rulings on the motions. See Maher v. State, *supra;* Dolen v. State, *ante* p. 317, 27 N. W. 2d 264. The question of whether or not discretion was abused is in this instance ascertainable from the content of the objections and motion.

It will be observed from the objections and the motions themselves that the grounds of objection were that the defendant was taken by surprise and that the exhibit was not the one contemplated by the information. There is no contention or suggestion that if a continuance had been granted evidence was or could have been made available to in any wise weaken or destroy the effect of the exhibit. It was not contended or suggested that evidence was or could be made available to defeat proof that this lease was delivered by defendant to William Woebbecke as a part of the transaction involved herein. The only purpose which it was suggested could be accomplished by a continuance was a trip to Oklahoma by defendant's counsel for investigation purposes.

It follows that since nothing appears to disclose that the defendant was prejudiced by the rulings on the motions made during the trial for a mistrial and a continuance it cannot be said that the trial court abused its discretion in the premises.

The instrument, as pointed out, was properly identified and it had proper evidentiary bearing on the charges made in the information, therefore the objection that it was incompetent, irrelevant, and immaterial was properly overruled.

The defendant contends that the court erred in the admission of the testimony of a handwriting expert who gave it as his opinion that the signatures on the lease exhibit were in the handwriting of the defendant. The objection does not go to the qualification of the witness as an expert. The objections are that the evidence was not competent in proof of the charges in the information and that it came in such manner and at such time as to take defendant by surprise and prevent him from making his defense in regard thereto.

The exhibit has appended to it as lessors the names Aubrey Schmidt and Anna Schmidt. The evident purpose of the prosecution insofar as this case was con-

cerned in seeking to prove that the signatures were forgeries was to disclose the fraudulent intent of the defendant in making the representations charged against him in the information. On this question it had a direct bearing and was therefore admissible. The rule under the circumstances is that in cases where guilt of the defendant depends upon the intent, purpose, or design with which the act was done, or upon his guilty knowledge thereof, collateral facts in which he bore a part occurring before and leading up to the transaction complained of may be examined for the purpose of establishing such guilty intent, design, purpose, or knowledge, even though such facts show the commission of another crime. Clark v. State, 79 Neb. 473, 113 N. W. 211, rehearing denied, 79 Neb. 482, 113 N. W. 804.

The objection that the defendant was taken by surprise by this evidence was not taken before or at the time it was introduced but after it had been introduced. The objection was taken by motion after the witness had been excused. Whether or not the ruling would have been error if the objection and motion had been timely made we are not required to determine. They came too late to receive consideration.

The next assignment to be considered is that of whether or not the court erred in admitting in evidence enlargements of names appearing on Exhibit 8 as lessors and of proved handwriting of the defendant for purposes of comparison by the expert witness and the jury. This assignment is without merit. That photographs which illustrate a fact in issue are admissible there can be no doubt. MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45; Hampton v. State, ante p. 574, 28 N. W. 2d 322.

Photographic reproductions being admissible, no good reason has been advanced and none suggests itself why enlargements are not likewise admissible. It is well known and it is made to appear in the bill of exceptions in this case that enlargements of photographs may make proportions plainer and serve to illustrate testimony

of witnesses the same as would a magnifying glass or microscope. Rules of evidence should not deprive courts or juries of the certainties which may flow from such demonstrations. This is the attitude of the courts of other jurisdictions. United States v. Ortiz, 176 U. S. 422, 44 L. Ed. 529, 20 S. Ct. 466; Johnson v. Commonwealth, 102 Va. 927, 46 S. E. 789; Adams v. Ristine, 138 Va. 273, 122 S. E. 126, 31 A. L. R. 1413; Harlan v. Blume, 190 S. W. 2d (Mo.) 273.

The defendant asserts that the court erred in ruling that Exhibits 15, 16, 18, and 19 were admissible in evidence. The description of exhibits in the brief does not correspond to this description but it is evident that these are the exhibits which this assignment comprehends. Exhibit 16 is the authenticated copy of a deed whereby 160 acres of land described in Exhibit 8 was conveyed to S. L. Davis. The date of the conveyance was February 27, 1907, and the date of recording was April 26, 1907. S. L. Davis appeared and testified as a witness on behalf of the State. Exhibit 15 is the authenticated copy of an oil and gas lease executed by S. L. Davis et ux. upon a portion of the land described in the deed. The effect of the testimony of this witness was to say that he was the owner of this land and to negative any right of the defendant to in any wise have control over the land or any oil and gas lease relating thereto. Exhibit 19 is the authenticated copy of a deed whereby the remaining 160 acres of the land described in Exhibit 8 was conveyed to Joseph A. Jaques. The date of the conveyance was July 17, 1925, and the date of recording was July 24, 1925. Joseph A. Jaques also appeared and testified as a witness on behalf of the State. Exhibit 18 is the authenticated copy of an oil and gas lease executed by Joseph A. Jaques and wife upon the land described in the deed. The effect of the testimony of this witness was to say that he was the owner of this land and to negative any right of the de-

fendant to in any wise have control over the land or any oil and gas lease relating thereto.

It is not the contention of the defendant here that the copies of the deeds and leases themselves were not admissible. It is the contention that the court erred in admitting .them because the certificates contained inadmissible information or evidence, that is, that they contained evidence relating to the title to these two tracts of land which could be adduced properly only by witnesses in confrontation of the defendant in court.

Factually the objection is supported, and the legal principle contended for is sound, but the objection is not available to defendant on the record in this case.

The objection made to Exhibit 15 was the following, and the objections to the other three were substantially the same: "That is (the exhibit in its entirety) objected to as incompetent, irrelevant and immaterial, does not tend to prove or disprove any of the allegations contained in the information in this case, .seeking by certificates of various parties to place unsworn testimony before the jury, denying the defendant here his constitutional right of being confronted. personally by the witness."

It will be observed that the defendant did not separately object to the certificates but to the entire exhibits, a part of which was admissible and a part of which was not.

This court has adopted and followed the principle that where documentary evidence is offered or a question is asked an objection is properly overruled unless it is good as to the entire document or question. Skow v. Locke, 3 Neb. (Unoff.) 176, 91 N. W. 204; McMartin v. State, 95 Neb. 292, 145 N. W. 695; Sheppard v. State, 104 Neb. 709, 178 N. W. 616; Powerine Co. v. Grimm Stamp & Badge Co., 127 Neb. 165, 254 N. W. 722.

There is another reason why the admission of this evidence may not be considered as grounds for reversal even if it be assumed that it was erroneously admitted.

It clearly falls within the rule that errors which do not prejudice the substantial rights of the defendant will be disregarded. Sweedland v. State, 109 Neb. 453, 190 N. W. 668; Vickers v. State, 111 Neb. 380, 196 N. W. 629; Jurgensen v. State, 135 Neb. 537, 283 N. W. 228.

This evidence was inferentially corroborative of facts testified to positively by the respective owners of the land, it is true, but we fail to see how it could have been prejudicial in the light of the fact that no evidence was offered or adduced or proposed for introduction the effect of which would have been to refute the testimony of the two witnesses.

The contention of the defendant that the evidence was insufficient upon which to base a finding of guilty must on the record be resolved against him.

The testimony of William Woebbecke is that the defendant made all three of the representations charged against him in the information. This evidence stands undisputed except as denied by the plea of not guilty. This witness testified that he relied on the representations and that he parted with his money because of them. This evidence stands without direct or indirect contradiction. There was evidence which the jury had the right to believe disclosing either directly or by reasonable inference or both that the representations were false and known to the defendant to be false and that they were made with the intent to cheat and defraud William Woebbecke and that he was defrauded.

The defendant urges that the evidence fails to disclose that William Woebbecke parted with any money hence there was a failure of proof that he was defrauded. The record fails to sustain the interpretation placed upon it by the defendant in this respect.

As to count III of the information four certificates of deposit representing a total of $2,180 which had been issued by banks in Seward County, Nebraska, to William Woebbecke were endorsed and delivered to defendant. The certificates are in evidence and they show

endorsement by the defendant. The stamps on the certificates indicating payment were not received in evidence but William Woebbecke said that they were paid.

As to count IV William Woebbecke gave to defendant a bank check in the amount of $1,200 on a bank in Seward County, Nebraska. The check was endorsed by defendant and William Woebbecke testified that it was paid by the bank and charged against his account.

In the early case of Peavy v. Hovey, 16 Neb. 416, 20 N. W. 272, it was said: "The possession of a. canceled bank check by the drawer, who testifies that on the day of its date he made and delivered it to the drawee in payment of a debt, is sufficient proof prima facie of the payment of the amount named in the check."

There having been no evidence to counteract the prima facie showing made by the State this rule disposes of the contention in this respect with regard to count IV of the information.

In State v. Detloff, 201 Iowa 159, 205 N. W. 534; People v. Hoffmann, 142 Mich. 531, 105 N. W. 838; State v. Brantingham, 66 Mont. 1, 212 P. 499; Schaumloeffel v. State, 102 Md. 470, 62 A. 803; State v. Joseph, 115 Ohio St. 127, 152 N. E. 186, the rule is announced that, in the case of a charge of obtaining money by false pretenses proof that the defendant received a check or draft which was paid, there is no variance in the charge and the proof. The rule as announced in these cases was referred to with approval in Pettijohn v. State, ante p. 336, 27 N. W. 2d 380. No reason suggests itself why the same rule should not apply to certificates of deposit.

It follows therefore that the evidence was sufficient upon which to base a finding that William Woebbecke was defrauded as charged in the information.

The defendant was sentenced to serve a term of four years in the state penitentiary. He urges that this penalty is excessive. The minimum provided by statute is one year and the maximum five years. The evi-

dence upon which the jury based its verdict of guilty discloses no fact or circumstance in extenuation of defendant's offense. It shows a deliberate purpose and design conceived and pursued over a long period of time to beguile, entrap, deceive, and defraud an apparently all too trusting and gullible person. In his design and purpose he has been successful to his profit and to the detriment of William Woebbecke, so far as the two counts of the information are concerned, in the amount of $3,380, and as to counts I and II in the amount of $3,319.91 all of which, if the inferences which are deducible from the record are correct, represent a permanent loss to William Woebbecke. The sentence under the circumstances as disclosed by the record cannot in good conscience be said to be excessive.

Finding no prejudicial error in the record the verdict of the jury and the judgment and sentence of the district court are affirmed.

AFFIRMED.